# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**BANCO POPULAR DE PUERTO RICO,**

    Plaintiff,

    v.

**VÍCTOR RAÚL NUÑEZ DE VILLAVICENCIO-ARCO, et al.,**

    Defendants,

    v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of Doral Bank,**

    Counter-Defendant.

Civil No. 16-3080 (ADC)

## OPINION AND ORDER

Two motions are pending before the Court. First is a motion to remand filed by defendants Víctor Raúl Nuñez de Villavicencio-Arco, Larisa Peña Rodríguez, and the conjugal partnership constituted therein ("defendants"). **ECF No. 17.** Second is a motion to dismiss counterclaim filed by Federal Deposit Insurance Corporation as Receiver of Doral Bank ("FDIC-R"). **ECF No. 4**. The FDIC-R opposed both motions. **ECF Nos. 19, 21**. Defendants replied to the FDIC-R's opposition to the motion to remand. **ECF No. 26**.

The Court has considered the motions in light of the other filings on record. For the reasons discussed below, the Court **GRANTS** defendants' motion to remand and **DENIES AS MOOT** the FDIC-R's motion to dismiss counterclaim.

I. **Factual and Procedural History**

On January 22, 2013, Doral Bank ("Doral") sued defendants in the Commonwealth of Puerto Rico Court of First Instance, Carolina Part, for collection of money and foreclosure of a mortgage. **ECF No. 1-3** at 1–3. On March 26, 2013, defendants answered the complaint and filed a counterclaim against Doral. **ECF No. 1-3** at 4–9. In the counterclaim, defendants claimed that Doral breached the terms of the mortgage-loan agreement by failing to notify them that the loan had matured and by denying their request to refinance the loan. **ECF No. 1-3** at 4–9. On May 30, 2013, Doral answered the counterclaim. **ECF No. 1-3** at 10–13.

On July 22, 2014, Doral notified the Commonwealth Court "that the mortgage which is being foreclosed in the present litigation became part of the loan portfolio belonging to Banco Popular de Puerto Rico" ("Popular"), and requested that Popular substitute Doral as plaintiff. **ECF No. 10-1**. The record does not indicate whether the Commonwealth Court granted Doral's request to substitute Popular as plaintiff, but the parties seem to agree that Popular is plaintiff in the Commonwealth Court proceeding. **ECF No. 17** at 1; **ECF No. 4** at 2.

On February 27, 2015, the Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico closed Doral and appointed the FDIC-R as Receiver for the failed bank. **ECF No. 1-5**. The FDIC-R then sent defendants a letter informing them of their right to file

an administrative claim against the FDIC-R, and defendants timely filed a proof of claim before the FDIC-R.[1] **ECF No. 4** at 2.

On March 3, 2016, the FDIC-R notified defendants that it had decided to disallow their claims. **ECF No. 4-1**. The notice advised defendants that, under 12 U.S.C. § 1821(d)(6), if they did "not agree with this disallowance, [they had] the right to file a lawsuit on [their] claim (or continue any lawsuit commenced before the appointment of the Receiver)" in the appropriate federal court within sixty days after the date of the notice. **ECF No. 4-1**. The FDIC-R noted that defendants continued to pursue their counterclaim in the Commonwealth Court after the FDIC-R's disallowance. **ECF No. 4** at 5.

On December 5, 2016, the FDIC-R notified the Commonwealth Court that it had been appointed receiver for Doral and requested the Commonwealth Court substitute the FDIC-R for Doral as the counterclaim defendant. **ECF No. 10-2**. On that same date, the FDIC-R filed a notice of removal, removing defendant's counterclaim to this Court. **ECF No. 1**. On December 7, 2016, the FDIC-R moved the Court to dismiss the counterclaim for lack of jurisdiction on the ground that defendants "failed to comply with the mandatory procedural requirements" established by the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (1989), as amended by the Federal Deposit Insurance Act, 12 U.S.C. § 1821(d).

---

[1] The FDIC-R's letter and defendants' administrative claim are not part of the record. The parties do not specify when defendants received notice of the administrative claim procedure or filed their administrative claim. However, both parties agree that the FDIC-R adequately notified defendants of the administrative procedure, and that defendants timely filed an administrative claim. **ECF Nos. 4** at 2; **4-1**; **19** at 2.

**ECF No. 4** at 4. Specifically, FDIC-R alleges that "Defendants failed to file any action (or continue its previous action) **before this Honorable Court** within the 60 days allowed under 12 U.S.C. § 1821(d)(6)." **ECF No. 4** at 3 (emphasis in original).

Defendants responded to the motion to dismiss, **ECF No. 19**, and moved the Court to remand the case to the Commonwealth Court, **ECF No. 17**. Defendants argue that removal was improper because the FDIC-R is not a party to the litigation before the Commonwealth Court. **ECF No. 17** at 3. The Commonwealth Court never ruled on the FDIC-R's request to substitute Doral as counterclaim defendant and, according to defendants, Doral was no longer a party to the case when the FDIC-R requested to substitute it. Rather, defendants assert, Popular substituted Doral as plaintiff and counterclaim defendant more than two years before the FDIC-R filed its motion to substitute.[2] **ECF No. 17** at 3.

## II. Legal Standard

The primary question before the Court is whether the FDIC-R could properly remove the counterclaim from the Commonwealth Court. "[F]ederal courts are courts of limited jurisdiction." *Belsito Commc'n, Inc. v. Decker*, 845 F.3d 13, 21 (1st Cir. 2016). As a result, federal courts "must appraise their own authority to hear and determine particular cases." *Calderón-Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (citation and internal quotation marks

---

[2] Alternatively, defendants argue that remand is proper because the counterclaim falls within FIRREA's "state law exception." **ECF No 17** at 4. *See* 12 U.S.C. § 1819(b)(2)(D) (describing a three-part test exempting certain actions involving "only the interpretation of" state law from the section 1819(b)(2)(B) removal provision).

omitted). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Id.* (alteration in original) (citation and internal quotation marks omitted).

"When the FDIC is appointed receiver of a bank, it has wide authority to remove cases to federal court." *Vistas de Canóvanas I, Inc. v. F.D.I.C.*, No. CV 16-2568 (FAB), 2017 WL 3037390, at *4 (D.P.R. July 18, 2017) (citation omitted). FIRREA permits the FDIC-R to "remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B).

## III. Analysis

The plain language of the statute requires the FDIC-R's substitution be completed as a prerequisite for removal, describing the timeframe for removal as beginning when the FDIC "is substituted as a party." *Id.* Some courts, however, consider requiring the FDIC to await the state court's approval of substitution before the FDIC can properly remove a case to federal court to be an inefficient "procedural formality" that a federal court can overlook, because the state court is statutorily "compelled" to grant the FDIC's substitution request.[3] *See Nolte Assoc., Inc. v. Hotel Gold Crown Champa, LLC*, No. CV 1:11-cv-00508 (DME), 2012 WL 32662, at *5 (D. Colo. January

---

[3] The First Circuit has not considered whether the FDIC's removal rights under FIRREA are triggered upon its filing a request to substitute versus the granting of a request to substitute, and an earlier case stating that its rights arise upon appointment as receiver has been superseded by statute on that very basis. *See Buczkowski v. F.D.I.C.*, 415 F.3d 594, 596 (7th Cir. 2005) (describing *Woburn Five Cents Sav. Bank v. Robert M. Hicks, Inc.*, 930 F.2d 965 (1st Cir. 1991), as superseded by statute); *Vistas de Canóvanas I, Inc. v. F.D.I.C.*, No. CV 16-2568 (FAB), 2017 WL 3037390, at *6 (D.P.R. July 18, 2017) ("Statutory amendments occurring after the *Woburn* decision . . . indicate that the limitations period commences when the FDIC enters the litigation, not when the FDIC becomes receiver"); *McDougald v. F.D.I.C.*, 848 F.Supp. 1073, 1075 n.3 (D. Mass. 1994) (JLT) (same).

6, 2012); *see also F.D.I.C. v. N. Savannah Props., LLC*, 686 F.3d 1254, 1259–60 (11th Cir. 2012) ("Because the failed institution cease[s] to exist and vanishe[s] in a puff of smoke, the FDIC necessarily becomes a party to an action when it files a notice of substitution, and as a matter of federal law a state court does not have any discretion to deny substitution of the FDIC for a failed institution which no longer has a separate existence." (alterations in original) (citations and internal quotation marks omitted)). This position, however, assumes the underlying substitution request triggering the FDIC's removal right was appropriate.

Here, the Court cannot safely assume that the FDIC-R's substitution request was appropriate. The record fails to show whether the Commonwealth Court granted any of the substitution requests at issue—Popular for Doral or FDIC-R for Doral. The record does not indicate which entities remained in the case and in what capacity at the time of the FDIC-R's substitution request. Despite Doral's substitution request seeking to have Popular substituted only as plaintiff, defendants assert that litigation nonetheless proceeded in the Commonwealth Court for years against Popular as plaintiff/counterclaim defendant. The FDIC-R does not necessarily dispute this and, indeed, it acknowledges that defendants proceeded with their counterclaim in the Commonwealth Court after it issued its disallowance.[4] The FDIC-R's failure

---

[4] The parties also make unsubstantiated claims regarding the relationships between the entities apparently as a means of identifying which entity is the true counterclaim defendant. Defendants state that Doral "was merely the servicing agent of Banco Popular," thereby rendering Popular the counterclaim defendant. **ECF Nos. 17** at 5; **19** at 6; **26** at 5. The FDIC-R states that on February 27, 2015, it entered into a Purchase and Assumption Agreement with Popular, in which Popular "assumed substantially all of the deposits of Doral Bank, and purchased some of [Doral's] assets," while "third-party claims against Doral Bank, such as Defendants' counterclaim against Doral Bank, were not assumed by" Popular; rather, "[t]hose liabilities remained with the FDIC-R." **ECF No. 21** at 2.

to provide the Court with sufficient information from the Commonwealth Court to support its substitution undermines the merits of its removal to this Court. Accordingly, the Court will remand the counterclaim to the Commonwealth Court to ascertain the identities and roles of the parties at the time of the FDIC-R's substitution request and removal.

**IV. Conclusion**

Defendants' motion to remand at **ECF No. 17** is **GRANTED.** As a result, the FDIC-R's pending motion to dismiss the counterclaim at **ECF No. 4** is **DENIED AS MOOT**.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of September, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**